UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS R. MARTINEZ, | : |
| Plaintiff, | : Civ. No. 23-20378 (KM) (AME) |
| v. | : |
| | : **ORDER** |
| ESSEX COUNTY CORRECTIONAL FACILITY, et al., | : |
| Defendants. | : |

Pro se plaintiff Carlos R. Martinez, an inmate at FCI Englewood in Littleton, Colorado, seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983 based on the defendants' alleged deliberate indifference to his serious medical needs while he was a pretrial detainee at Essex County Correctional Facility in Newark, New Jersey. DE 1. I previously terminated this action because Martinez had not paid the filing fee or filed a motion to proceed *in forma pauperis* ("IFP"). DE 3. Martinez has now paid the filing fee, and has moved for an order directing the United States Marshals Service ("USMS") to serve the defendants. DE 4. Given Martinez's payment of the fee, I will direct the Clerk's Office to reopen these proceedings. Additionally, upon screening pursuant to 28 U.S.C. § 1915A(a), for the reasons below, the complaint will be permitted to proceed in part. Finally, given his incarcerated status, I will grant Martinez's motion for USMS service.

**A. Factual Allegations**

For screening purposes, I accept the well-pleaded, plausible allegations in the complaint (DE 1) as true. The complaint alleges as follows.

While incarcerated at ECCF, Martinez "was having excruciating pain in [his] stomach on a daily basis." *Id.* at 5. He informed "numerous parties working [at ECCF]," as well as a nurse practitioner named Michael Ojilade. *Id.* at 4, 5. Ojilade told Martinez "on numerous occasions" that "he was going to refer [Martinez] to see a specialist . . . to provide [him] with medical care for [his] debilitating stomach pain." *Id.* at 6. Although Ojilade "continued to claim that he had" referred Martinez to a specialist, Martinez believes Ojilade never actually did so because (1) Ojilade "continued to claim that he was 'waiting for approval' when, in fact, he could not even remember exactly what [Martinez's] issue was the next time [he] saw him for treatment of [his] ongoing stomach pains," and (2) he was trying to "appease [Martinez] and stop [his] grievances concerning [his] lack of treatment." *Id*.

Martinez "never received treatment for [his] stomach pain, nor was he ever sent to see a specialist" while he was incarcerated at ECCF. *Id*. He was transferred in July 2022, and "would find out later that [his] stomach pain was due to . . . stomach ulcers." *Id*. However, he "suffered for years in pain and agony each day fearful for [his] life while [his] cancer and ulcer(s) were able to progress, further damaging [his] body and causing [him] severe emotional distress." *Id*. He seeks compensatory and punitive damages and a declaration that the defendants violated his constitutional rights by "failing to provide [him] with adequate medical care." *Id.* at 6–7.

### B. Standard of Review

District courts are required to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### C.  Section 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Martinez alleges that he was a pretrial detainee during the events in question. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care, *Bocchino v. City of Atlantic City*, 179 F. Supp. 3d 387, 403 (D.N.J. 2016), and the standard is similar to that governing prisoner claims arising under the Eighth Amendment. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) ("we have found no reason to apply a different standard than that . . . pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment") (cleaned up). Thus, to state such a claim, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials constituting deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale*, 318 F.3d at 582.

A medical need is "serious" if it: (1) "has been diagnosed by a physician as requiring treatment"; (2) "is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) is one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316

F.3d 257, 272–73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this element, courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 289 (D.N.J. 1998). As to the second prong—deliberate indifference—prison officials "act deliberately indifferent to a prisoner's serious medical needs by intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up).

At this early stage of litigation, Martinez has sufficiently alleged that he suffered from a "serious" medical condition, as that term has been defined by the case law. Assuming his allegations are true, his ulcers were of sufficient severity, and there was a risk that serious harm would result if medical treatment were delayed or denied. Martinez has also plausibly alleged at this early stage of litigation the personal involvement of Ojilade; accepting the allegations as true, Ojilade is the nurse practitioner who was Martinez's "care provider" at ECCF, *id.* at 4, and Ojilade allegedly failed to provide Martinez with medical treatment, despite Martinez's complaints to him about "debilitating stomach pain," thereby allowing Martinez's ulcers "to progress" and cause "further damage[e] [to] his body." *Id.* at 6. For these reasons, Martinez's deliberate indifference claim against Ojilade will be permitted to proceed.

Martinez's claims against ECCF, however, must be dismissed with prejudice. ECCF, a correctional facility, is not a "person" acting under color of state law and, therefore, is not amenable to suit under § 1983. *Rolle v. Essex Cnty. Corr. Facility*, No. 21-15198, 2022 WL 1044968, at *3 (D.N.J. Apr. 7, 2022) (ECCF is not a "person" subject to § 1983 liability); *Harris*

*v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (Hudson County Jail is not a person amenable to suit under § 1983).

### D.  Motion for Order Compelling Service By the USMS

Martinez requests that the Court "appoint the [USMS] to serve his [c]omplaint" because "although [he] has paid the required filing fee, his incarceration severely limits his ability to effect service of process." DE 4 at 1. Martinez advises that he "is able to pay for any fees required by the [USMS] or another person appointed by the Court to effect service of process" on his behalf. *Id*.

Pursuant to 28 U.S.C. § 1915(d), indigent plaintiffs who are granted IFP status are entitled to service of their complaints by the USMS. While a non-indigent plaintiff is not *entitled* to service through the USMS, Federal Rule of Civil Procedure 4(c)(3) provides that at a plaintiff's request, "the court may order that service be made by the United States marshal." Having considered Martinez's request, this Court finds that service by the USMS is warranted in this matter, and Martinez's motion seeking aid in serving his complaint (DE 4) is therefore granted.

### E.  Conclusion

For the reasons stated above, (1) the case shall be reopened; (2) Martinez's motion for USMS service (DE 4) will be granted; and (3) the complaint (DE 1) will be permitted to proceed, in part, as follows: (a) the § 1983 claim against ECCF will be dismissed with prejudice, and (b) the § 1983 claim against Ojilade for deliberate indifference will be permitted to proceed. An appropriate order follows.

DATED:  October 10 , 2023                                         /s/ Kevin McNulty
                                                                  _____
                                                                  KEVIN MCNULTY
                                                                  United States District Judge